UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY LEA ROSENOF,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | No.  2:20-cv-01491 CKD<br><br><br>ORDER |

　　　　Plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1), is pending before the court.  (ECF No. 26.)  Plaintiff seeks combined attorney and paralegal fees in the amount of $8,983.20.  For attorney time, plaintiff seeks 1.9 hours for 2020 at the rate of $207.78 per hour and 35.4 hours for 2021 at the rate of $217.54 per hour, for a total of $8,095.70.  Plaintiff also seeks 7.1 hours of paralegal time at the rate of $125.00 per hour, or $887.50.

　　　　Defendant contends that EAJA fees should not be awarded because the government's position was substantially justified and that, even if EAJA fees are awarded, plaintiff's fee request is unreasonable.  In addition, defendant contends any fee that is awarded must be made payable to the plaintiff.

/////

1

A. <u>Substantial Justification</u>

The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the action. An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits. <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993). In this case, the undersigned concluded that the Administrative Law Judge (ALJ) failed to evaluate plaintiff's alleged fatigue and medical evidence of fatigue as instructed by the Appeals Council (AC). (ECF No. 24.) On January 11, 2022, the Court remanded the matter for further administrative proceedings pursuant to Sentence four of 42 U.S.C. § 405(g) and entered judgment for plaintiff. (ECF Nos. 24 & 25.) Plaintiff thus is entitled to an award of fees under the EAJA. The Court must allow the fee award unless it finds that the position of the United States was substantially justified. <u>Flores v. Shalala</u>, 49 F.3d 562, 568-69 (9th Cir. 1995).

The burden of establishing substantial justification is on the government. <u>Gutierrez v. Barnhart</u>, 274 F.3d 1255, 1258 (9th Cir. 2001). In <u>Pierce v. Underwood</u>, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as 'justified in substance or in the main' — that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue. <u>Id.</u> at 565. A position does not have to be correct to be substantially justified. <u>Id.</u> at 566 n.2; <u>see also</u> <u>Russell v. Sullivan</u>, 930 F.2d 1443, 1445 (9th Cir. 1991), <u>receded from on other grounds</u>, <u>Sorenson v. Mink</u>, 239 F.3d 1140 (9th Cir. 2001); <u>Lewis v. Barnhart</u>, 281 F.3d 1081, 1083 (9th Cir. 2002).

> In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. <u>Barry v. Bowen</u>, 825 F.2d 1324, 1331 (9th Cir. 1987), <u>disapproved on other grounds</u>, <u>In re Slimick</u>, 928 F.2d 304 (9th Cir. 1990). Where the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified.

<u>Andrew v. Bowen</u>, 837 F.2d 875, 880 (9th Cir. 1988).

Defendant contends the government's position was substantially justified because "reasonable minds can differ whether the ALJ sufficiently complied with the Appeal Council's remand order regarding fatigue." (ECF No. 27.) Defendant states that the ALJ acknowledged plaintiff's allegations of fatigue and a treating doctor's opinion "partly based on allegations of fatigue," but rejected both the medical opinion and plaintiff's allegations "because they were inconsistent with plaintiff's ability to exercise, including walking on a treadmill for 5 miles 3 to 4 times a week, [and] evidence that Plaintiff exaggerated her complaints." (ECF No. 27 at 4.) Defendant cites evidence of plaintiff walking on a treadmill, swimming, working out at a gym, and doing water therapy as indicative that plaintiff exaggerated her allegations of debilitating fatigue. (Id.)

Although defendant is correct that the government can lose on the merits and its position still be substantially justified for purposes of EAJA, defendant's argument in this instance is unavailing. While defendant simply asserts that the ability to exercise for short periods of time translates into the ability to perform job-related functions for eight hours a day, five days a week, without special accommodations, the ALJ failed to put this question to the testifying medical expert, despite fatigue being a key issue on remand. Defendant cites John B. v. Berryhill, No. 19-cv-02437-DMR, 2020 WL 7625450, at **5-6 (N.D. Cal. Dec. 22, 2022), affirming the ALJ's adverse credibility finding because plaintiff's reported activities of daily living (including weightlifting, skateboarding, bicycling, and yoga) "reasonably cast doubt on his allegations of total disability." Though John B. is somewhat inapposite, as it concerns a credibility determination, the John B. court noted that "[p]laintiff's ability to exercise regularly does not necessarily entail that he could maintain fulltime competitive employment, given that he also testified that his symptoms are intermittent[.]" Id. at *6. So too here. See ECF No. 24 ("Order") at 9. In the absence of expert testimony on this issue, which the ALJ failed to elicit despite the AC's clear instruction to evaluate fatigue-related evidence on remand, speculation must fill the gap.[1] The government's position thus was not substantially justified and fees under the EAJA

---

[1] Defendant further argues that reasonable minds can differ about whether the ALJ adequately assessed the medical opinion evidence and plaintiff's subjective statements. As the Court

3

will be awarded.

B.  Reasonable Fee

The EAJA directs the court to award a reasonable fee.  In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained.  See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart, 461 U.S. 424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998).

Defendant argues that plaintiff's request for $125 per hour for paralegal work is incorrect, as courts in this district have held that "the prevailing market rate for work performed by paralegals in this district is $100 per hour." Vieira v. Saul, No. 2:18-CV-0955 DB, 2020 WL 6728790, *3 (E.D. Cal. Nov. 16, 2020) (collecting cases).  However, more recent cases in this district have awarded $125 per hour for paralegal work.  Scott v. Comm'r of Soc. Sec., 2:19-cv-02545-AC, 2021 WL 4864610, at *2 (E.D. Cal. Oct. 19, 2021);  Reid v. Kijakazi, 1:20-cv-00732-GSA, 2021 WL 431620, at *3 (E.D. Cal. Sept. 20, 2021); Henderson v. Comm'r of Soc. Sec., 1:210-cv-0562-JLT, 2021 2457540, at *4 (E.D. Cal. June 16, 2021).  The undersigned finds this rate reasonable.

Defendant next argues that paralegal time should be reduced from 7.1 hours to 1.9 hours because several of the tasks are clerical, and that 1.1 hours of attorney time should also be discounted as clerical. "Although paralegal work is often quasi-legal in nature and is not categorically excludable, purely clerical or administrative tasks are generally not compensable. Courts have excluded billing entries such as summons preparation, service of process, IFP applications, mailing preparations, and ECF downloading or uploading." Reid, 2021 WL 4312620, at *3, citing Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009) (holding that clerical tasks such as filing and organization "should have been subsumed in firm overhead rather than billed at paralegal rates").  The Court has considered these time entries, which concern, e.g., telephone calls with the client, reviewing files, preparing documents, and reviewing court documents, as well as plaintiff's explanation of these entries, and finds defendant's position

---

remanded the matter for failure to follow the AC's remand order and develop the record, it did not reach these claims.

lacking in merit.

Based on the foregoing, the Court will grant plaintiff's motion for attorney fees in the amount requested. The EAJA award must be made by this Court to plaintiff, and not to counsel. Astrue v. Ratliffe, 130 S. Ct. 2521 (2010). Nevertheless, if the government determines that plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of plaintiff's attorney. See, e.g., Beal v. Colvin, 14-cv-04437-YGR, 2016 WL 4761090, at **3-4 (N.D. Cal. Sept. 13, 2016).

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for attorneys' fees under the EAJA (ECF No. 26) is GRANTED.

2. Plaintiff is awarded attorneys' fees in the total amount of $8,983.20 pursuant to the EAJA. If the government determines that plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of plaintiff's attorney.

Dated: July 5, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/rosenof1491.eaja